United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, March 30, 2016                                                                 Hearing Room    301

1:30 PM
1:16-10045    Duane Daniel Martin and Tisha Michelle Martin                              Chapter 7

   #23.00    Chapter 7 Trustee's Emergency Motion For Order Authorizing
             Operation Of Debtor's Business And Turnover Of Business Assets

                           Docket    29

Judge:

   Grant in part and deny in part.

   I. BACKGROUND

   On January 7, 2016, Duane Daniel Martin and Tisha Michelle Martin ("Debtors")
   filed a voluntary chapter 7 petition. In their schedule B [doc. 16], Debtors listed a
   100% interest in XE Vision, Inc. ("XE"), a loan-out and production corporation
   which, among other things, contracts with other entities regarding Mrs. Martin's
   services as a performer. Prepetition, XE entered into a contract with Woodbridge
   Productions, Inc. ("Woodbridge"), which produced a television show called *The Dr.
   Ken Show*. Pursuant to this contract, Mrs. Martin would perform for *The Dr. Ken
   Show* for approximately $45,000 per episode.

   On January 11, 2016, two days after Debtors filed their petition, Mrs. Martin formed
   Won Hundred, Inc. ("Won Hundred"). In an attachment to schedule B, Debtors
   indicated that Won Hundred was formed as a loan-out corporation to enter into
   contracts regarding Mrs. Martin's *postpetition* services. After the petition date, for the
   period of January 15-19, 2016, Woodbridge sent one payment to Won Hundred
   instead of XE; Woodpridge paid Won Hundred $39,500 net income.

   Subsequently, Woodridge issued four or five additional checks approximating
   $185,000 and payable to XE. Mrs. Martin's talent agency, Kohner Agency, held
   these payments. In March 2016, the Trustee learned that Kohner Agency would be
   delivering these payments to John Smaha, Mrs. Martin's attorney.

   On March 16, 2016, the chapter 7 trustee (the "Trustee") filed the *Chapter 7 Trustee's*

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, March 30, 2016**                                                                 **Hearing Room    301**

<u>1:30 PM</u>
**CONT...    Duane Daniel Martin and Tisha Michelle Martin                                      Chapter 7**
*Emergency Motion for Order Authorizing Operation of Debtor's Business and Turnover of Business Assets* (the "Motion") [doc. 29]. Relying on 11 U.S.C. § 721, the Trustee requests the following relief in the Motion:

(a) Control over XE bank accounts;

(b) All cash in any XE bank account;

(c) All post-petition payments received by the Debtors, Won Hundred, XE, Kohner Agency, John Smaha or any other person from Woodbridge after the Petition Date; and

(d) All post-petition payments which continue to be due and payable by Woodbridge under the Woodbridge Agreement; and

(e) Other assets and property of [XE], including books and records of [XE].

Motion, p. 11. On March 23, 2016, Debtors filed separate responses to the Motion [docs. 35, 36]. Although Debtors do not oppose the Trustee's request to operate XE as a shareholder, officer and/or director of XE, they oppose the Trustee's request for turnover of XE's assets and of postpetition payments arising from Mrs. Martin's postpetition services.

**II. ANALYSIS**

Pursuant to 11 U.S.C. § 721, "[t]he court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate."

"Limited operation of a business under chapter 7 in order to preserve going-concern value is almost certainly consistent with orderly liquidation of estate assets....The court, and probably other parties-in-interest, would have more confidence in a sale under those circumstances, than a sale hastily finalized after the court's lift stay order has taken effect, and on the eve of conversion or dismissal." *In re P.D.M. Co.*, 523 B.R. 558, 560 (Bankr. W.D. Mich. 2015). "Section 721 contemplates...authorization

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, March 30, 2016**                                                                 **Hearing Room    301**

1:30 PM
**CONT...     Duane Daniel Martin and Tisha Michelle Martin                                        Chapter 7**
only in a limited number of situations, such as where it appears that a business could be sold for a greater price as a going concern than would be obtained in ordinary liquidation. The bankruptcy court will not generally grant authority to continue a business under § 721 if an operating loss will result or if it would need to be continued beyond a limited time." *In re A & T Trailer Park, Inc.*, 53 B.R. 144, 147-48 (Bankr. D. Wyo. 1985).

The Trustee requests authority to operate XE in order to preserve its going-concern value for a future sale of Debtors' interest in XE. Given that § 721 contemplates a chapter 7 trustee operating the estate's business for the purpose of increasing its value in a liquidation, the Court will authorize the Trustee to operate the business to the extent he may do so as the sole shareholder pursuant to Louisiana corporate law (XE is a Louisiana corporation).

The Court will not grant the Trustee's request for turnover of assets allegedly owned by XE. The Trustee is requesting a turnover of assets: (1) allegedly owned by a non-debtor entity and (2) that are not property of Debtors' estate. The Trustee has not cited any authority that would allow this Court to mandate such a transfer at this time.

The Trustee may request turnover only of property of the estate. *See* 11 U.S.C. § 542 (a) (requiring turnover of "property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this tile); 11 U.S.C. § 363(b)(1) (stating that the trustee "may use, sell, or lease... property of the estate"); *and* 11 U.S.C. § 522(b)(1) (providing for exemptions from property of the estate); *see also In re Hernandez*, 483 B.R. 713, 720 (B.A.P. 9th Cir. 2012) ("A bankruptcy court may order turnover of property to the debtor's estate if, among other things, such property is considered 'property of the estate.'"); *and In re Cogliano*, 355 B.R. 792, 804 (B.A.P. 9th Cir. 2006) (stating that the debtor would have "a complete defense" to a trustee's motion for turnover if the subject property was not property of the estate).

Under Louisiana law, "[c]orporations function as distinct legal entities, separate from the individuals who own them...." *Hollowell v. Orleans Regional Hosp. LLC*, 217

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, March 30, 2016     Hearing Room    301

1:30 PM
**CONT...**     **Duane Daniel Martin and Tisha Michelle Martin**     **Chapter 7**

F.3d 379, 385 (5th Cir. 2000) (citing *Riggins v. Dixie Shoring Co.*, 590 So.2d 1164, 1167 (La. 1991)). "The property of [a] corporation is not the property of the individual shareholders. Nor does a shareholder have a pecuniary interest in the property owned by the corporation." *Succession of Mydland*, 653 So.2d 8, 11 (La. App. 1st Cir. 1995); *see also Smith v. Smith*, 685 So.2d 649, 654 (La. App. 1st Cir. 1996) ("As a stockholder in the former corporation, Lionel had no direct ownership interest in the assets of the corporation. As a separate entity, distinct from its shareholders, the corporation was the owner of the clinic's assets.").

The rights of Louisiana shareholders are described as follows:

> Shares of a corporation are the units into which the shareholder's rights to participate in the control of the corporation, in its profits or in the distribution of corporate assets, are divided. LSA–R.S. 12:1(S). A share of a corporation may broadly be defined as the interest or right which the owner, who is called the shareholder or stockholder, has in the management of the corporation, in its surplus profits and, upon dissolution, in all of its assets remaining after the payment of its debts. *Succession of Quintero*, 209 La. 279, 24 So.2d 589 (La.1945).

*Olson v. Olson*, 139 So.3d 539, 546 (La. App. 2d Cir. 2014) *writ denied*, 159 So. 3d 448 (La. 2015). The *Olson* court further explained the difference between shareholders' rights and a corporation's rights:

> Although shareholders have certain rights as provided by law and in the corporation's articles or by-laws, such rights do not entitle shareholders to any direct ownership interest in the property owned by the corporation. The property of the corporation is not the property of the individual shareholders. Nor does a shareholder have a pecuniary interest in the property owned by the corporation. The shareholder's interest in the corporation does not equate to ownership of specific corporate assets. The sale of corporate shares is not a sale of its assets.

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, March 30, 2016                                                                 Hearing Room    301

1:30 PM
CONT...    Duane Daniel Martin and Tisha Michelle Martin                                  Chapter 7
...

>If either of the parties seek to obtain ownership of the property owned
>by KM, Inc., or the LLCs, then the party would be required to dissolve
>the entities and have the assets liquidated. In a dissolution, a liquidator
>is appointed to close out the corporation's affairs. The liquidator has
>the authority to sue and be sued on behalf of the corporation and to sell
>the corporation's assets. A proceeding for involuntary dissolution may
>be instituted by a shareholder against a corporation.

*Id.*, at 546-47.

Here, XE is a separate legal entity. Assets owned by XE are not property of the estate because Debtors do not have an interest in XE's assets. The Court may not order turnover of assets that are not property of the estate. Although, pursuant to § 721, the Trustee may operate *Debtors'* business, *i.e.*, as a shareholder, officer and/or director of XE, § 721 does not provide for exertion of control over a corporation's assets by the corporation's individual shareholder-debtors.

Regarding Mrs. Martin's postpetition income arising from postpetition services, to the extent the Trustee argues that such income is property of XE, this Court does not have authority to order turnover of the funds. To the extent the Trustee is arguing that Mrs. Martin's postpetition income arising from postpetition services should be turned over to the estate, such income is not property of the estate. 11 U.S.C. § 541(a)(6); *see also In re Wu*, 173 B.R. 414-15 (B.A.P. 9th Cir. 1994) ("That portion of the payments allocable to post-petition services will not be property of the estate. That portion of the payments allocable to prepetition services or property will be property of the estate."). Consequently, the Motion is denied with respect to the Trustee's request for turnover of assets allegedly owned by XE or of Mrs. Martin's postpetition income arising from her postpetition services.

III. CONCLUSION

The Court will grant the Motion as to the Trustee's request to operate XE pursuant to

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, March 30, 2016                                                          Hearing Room    301

1:30 PM
CONT...    Duane Daniel Martin and Tisha Michelle Martin                           Chapter 7
§ 721, but only to the extent the Trustee, as the sole shareholder, may operate XE
under Louisiana law. The Court will deny the Motion as concerns the Trustee's
requests for turnover.

The Trustee must submit an order within seven (7) days.

| Party Information |
|---|

**Debtor(s):**

Duane Daniel Martin                                         Represented By
                                                            Alan W Forsley

**Joint Debtor(s):**

Tisha Michelle Martin                                       Represented By
                                                            Alan W Forsley

**Trustee(s):**

David Keith Gottlieb (TR)                                   Represented By
                                                            Monica Y Kim