RON BENDER (SBN 143364); rb@lnbyb.com
MONICA Y. KIM (SBN 180139); myk@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Proposed Attorneys for David K. Gottlieb, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>DUANE DANIEL MARTIN AND TISHA MICHELLE MARTIN,<br><br>    Debtors.<br><hr>DAVID K. GOTTLIEB, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>DUANE DANIEL MARTIN, TISHA MICHELLE MARTIN, AND WON HUNDRED, INC.,<br><br>    Defendants. | Case No. 1:16-10045-VK<br><br>Chapter 7<br><br>Adv. No. 1:16-ap-_____-VK<br><br>**COMPLAINT FOR:**<br><br>**(A) DECLARATORY RELIEF;**<br><br>**(B) PERMANENT INJUNCTION; AND**<br><br>**(C) DAMAGES**<br><br>Date: [TO BE SET BY SUMMONS]<br>Time: [TO BE SET BY SUMMONS]<br>Ctrm: 301<br>    21041 Burbank Blvd.<br>    Woodland Hills, CA 91367 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff David K. Gottlieb, Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of Duane Daniel Martin and Tisha Michelle Martin ("Debtors"), avers and complains, by way of this Complaint, as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 105 and 727 and Local Rules and Orders of the United

States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

2.  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (M) and (O).

3.  Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

**PARTIES**

4.  Plaintiff is the duly appointed Chapter 7 trustee of the bankruptcy estate of the Debtors.

5.  Defendants Duane Daniel Martin ("Duane") and Tisha Michelle Martin ("Tisha") are the Debtors herein, and currently reside in the State of California, at 22401 Summitridge Circle, Chatsworth, CA 91311.

6.  Plaintiff is informed and believes, and based thereon, alleges, that Defendant Won Hundred, Inc. ("Won Hundred") maintains a corporate address at 9909 Topanga Canyon Blvd., Suite 234, Chatsworth, CA 91311.  Tisha is the sole shareholder and director of Won Hundred.

**GENERAL ALLEGATIONS**

7.  On January 7, 2016 ("Petition Date"), the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

8.  Plaintiff was duly appointed to serve as the Chapter 7 trustee of the Debtors' estate.

9.  Duane is a television and movie actor.  Tisha is a television actress and singer.

10. The Debtors' schedules of assets and liabilities ("Schedules") filed under penalty of

2

perjury shows that they have, or previously had, interests in many businesses and business ventures. Among the Debtors' assets include their interests in XE Visions, Inc. ("Business" or "XE"). In particular, the Debtors own 100% of the Business.

11. Briefly, the Business is a production and loan-out company wholly owned by Debtors. As a production company, XE produces music, music videos, and "behind-the-scenes" videos based on performances by debtor, Tisha. As a loan-out company, XE contracts with studios regarding performances by Tisha, and receives payments in consideration for such performances. In addition to the intellectual property assets associated with the productions, XE's assets also include residuals and/or royalties from contracts assigned to it by loan out companies formerly operated by Debtors.

12. On or about March 30, 2016, the Bankruptcy Court authorized the Trustee to operate the Business pursuant to Section 721 of the Bankruptcy Code.

13. Pre-petition, a contract was entered into between XE and Woodridge Productions, Inc., an affiliate or division of Sony ("Woodbridge") which produced a television sitcom called "The Dr. Ken Show" ("Woodbridge Agreement"). Under the Woodbridge Agreement, XE agreed that Tisha would perform for The Dr. Ken Show, in consideration for payments to XE of approximately $45,000 per episode.

14. Despite the existence and current operation of XE as a production and loan-out company, the Debtors' ownership of XE, Duane's position as an officer of XE, and the Woodbridge Agreement signed by XE and Tisha, on January 11, 2016, just 2 business days after the Debtors filed this case, Tisha created a new loan-out company called Won Hundred as a vehicle for rendering her acting services. There was never any written agreement between Woodbridge and Won Hundred for Tisha to perform on any program or show produced by Woodbridge including The Dr. Ken Show. The sole purpose of the creation of Won Hundred

appears to be to divert the post-petition payments due under the Woodbridge Agreement to Won Hundred from XE.

15. After the Debtors filed their bankruptcy case, and although there was no agreement between Woodbridge and Won Hundred, the Debtors requested that Woodbridge issue all post-petition payments earned for Tisha's performances on The Dr. Ken Show to Won Hundred.

16. The Trustee is informed that, for the post-petition period of January 15-19, 2016, Woodbridge paid Won Hundred $47,500 gross, and $39,500 net (net of commissions due to Tisha's talent agency, Kohner Agency), for post-petition services ("Won Hundred Payment"). Won Hundred, and Tisha who owns and controls Won Hundred, apparently negotiated this check prior to notifying the Trustee of this payment.

17. Subsequent to this Won Hundred Payment, Trustee is informed that Woodbridge issued 4 or 5 additional payments for Tisha's performance on The Dr. Ken Show, with the checks made payable to XE. These payments were all being held by Kohner Agency, Tisha's talent agency. These payments, net of commissions which may be due to Kohner Agency, total approximately $185,000 ("XE Payments").

18. The Debtors and the Trustee disagree as to who owns the Won Hundred Payment and the XE Payments. The Debtors take the position that Won Hundred owns all of these funds, despite there being no contract between Woodbridge (as producer of The Dr. Ken Show) and Won Hundred. The Trustee takes the position that XE owns all of these funds, and as the operator of XE, the Trustee is entitled to receive these funds.

19. The Won Hundred Payment and the XE Payments are property of XE to which the Trustee is entitled to receive as the operator and owner of XE.

20. In addition, in order for the Trustee to operate the Business, Trustee requires that all assets of Business be turned over to the Trustee, including, without limitation, all of the cash in

any XE bank account, all further post-petition payments which continue to be due and payable by Woodbridge under the Woodbridge Agreement; and other assets and property of the Business, including books and records of the Business.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief)

21. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 20 of this Complaint as if set forth in full herein.

22. An actual dispute has arisen as to the extent, scope and nature of XE's interest in the Won Hundred Payment and the XE Payments.

23. As a result, Plaintiff requests a determination by this Court as to the extent, scope and nature of XE's interest in the Won Hundred Payment and the XE Payments.

## SECOND CLAIM FOR RELIEF

### (For Permanent Injunction)

24. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 23 of this Complaint as if set forth in full herein.

25. Plaintiff requests a permanent injunction enjoining the Defendants from spending, using, transferring, encumbering, or otherwise dissipating the Won Hundred Payment, XE Payments, and any other property or assets of XE until the rights and claims of the parties as to these properties are determined by the Court.

26. Plaintiff requests a permanent injunction ordering the Defendants to surrender and turnover to Plaintiff the Won Hundred Payment, XE Payments, and any other property or assets of XE until the rights and claims of the parties as to these properties are determined by the Court.

## THIRD CLAIM FOR RELIEF

### (For Damages)

Case 1:16-bk-10045-VK   Doc 49   Filed 04/01/16   Entered 04/01/16 11:18:20   Desc
Main Document    Page 6 of 8

27. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 26 of this Complaint as if set forth in full herein.

28. XE and Trustee have suffered damages as a result of the Defendants actions concerning the Won Hundred Payment and the XE Payments, as well as Defendants' intentional and malicious failure and refusal to surrender and turn over assets and property of XE and Defendants' intentional and malicious taking and conversion of assets and property of XE.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

1. For a judgment with respect to the extent, scope and nature of XE's interest in the Won Hundred Payment and the XE Payments;

2. For permanent injunction as requested herein;

3. For award of damages in an amount to be determined at trial;

4. Awarding Plaintiff pre-judgment and post-judgment interest, attorneys' fees, costs of suit, and all other amounts allowed by law; and

5. Providing such other and further relief as the Court deems just and proper.

DATED: April 1, 2016                LEVENE, NEALE, BENDER, YOO &
                                    BRILL L.L.P.

                                    By: /s/ Monica Kim
                                        MONICA Y. KIM
                                        Attorneys for Plaintiff
                                        David K. Gottlieb, Chapter 7 Trustee

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFF(S)**<br>DAVID K. GOTTLIEB, Chapter 7 Trustee | **DEFENDANT(S)**<br>DUANE DANIEL MARTIN, TISHA MICHELLE MARTIN, AND WON HUNDRED, INC., |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>RON BENDER (SBN 143364); rb@lnbyb.com<br>MONICA Y. KIM (SBN 180139); myk@lnbyb.com<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Blvd., Suite 1700<br>Los Angeles, California 90067<br>Los Angeles, California 90067<br>Telephone:  (310) 229-1234<br>Email:  rb@lnbyb.com; myk@lnbyb.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>**COMPLAINT FOR: (A) DECLARATORY RELIEF; (B) PERMANENT INJUNCTION; AND (C) DAMAGES** ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br><br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br><br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br><br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br><br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br><br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br><br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br><br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br><br>☐ 71-Injunctive relief – imposition of stay<br>☒ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br><br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br><br>☒ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br><br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☒ 02-Other:  Damages |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand |
| Other Relief Sought  Damages, permanent injunction, Pre- and post-judgment interest, attorneys' fees and costs ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>DUANE DANIEL MARTIN AND TISHA MICHELLE MARTIN | BANKRUPTCY CASE NO.<br>1:16-10045-VK | |
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISIONAL OFFICE<br>**SAN FERNANDO VALLEY DIVISION** | NAME OF JUDGE<br>**THE HON. VICTORIA KAUFMAN** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ MONICA Y. KIM* | | |
| DATE<br>April 1, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>MONICA Y. KIM | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.