John L. Smaha, Esq., Bar No. 95855
Gustavo E. Bravo, Esq. Bar No. 218752
**SMAHA LAW GROUP, APC**
2398 San Diego Avenue
San Diego, California 92110
(619) 688-1557
(619) 688-1558 (Facsimile)

Attorneys for Tisha M. Martin and Won Hundred, Inc.

Marc A. Lieberman, Esq., Bar No. 157318
    marc.lieberman@flpllp.com
Alan W. Forsley, Esq. Bar No. 180958
    alan.forsley@flpllp.com
1875 Century Park East, Suite 2230
Los Angeles, CA 90067
(310) 284-7350
(310) 432-5999 (fax)

Attorneys for Duane Martin

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Duane D. Martin and Tisha M. Martin<br><br>Debtors. | CASE NO. 16-10045-VK<br><br>Chapter 7<br><br>**TISHA M. MARTIN AND WON HUNDRED, INC.'S OBJECTION TO CHAPTER 7 TRUSTEE'S NOTICE OF LODGMENT OF ORDER**<br><br>DATE:  March 30, 2016<br>TIME:  1:30 P.M.<br>DEPT.:  301<br>JUDGE:  Hon. Victoria S. Kaufman |

Tisha M. Martin, Duane D. Martin, and Won Hundred, Inc. (collectively the **"Martin Parties"**) hereby respectfully submit their objection to the Chapter 7 Trustee David K. Gottlieb's (the **"Trustee"**) Notice of Lodgment of Order in Bankruptcy Case regarding the Trustee's Emergency Motion for Order Authorizing Operation of Debtor's Business and Turnover of Business Assets (**"Motion"**). The Martin Parties object to the proposed Order submitted by the Trustee in that it is incomplete.

This objection is made on the following grounds:

(1) The Trustee's proposed order incorrectly states that he is authorized to operated non-debtor XE Visions, Inc. ("XE") pursuant to 11 U.S.C. §721. In fact, as the Court correctly noted in its tentative ruling and stated at the hearing on the Motion, §721 only permits a court to authorize a trustee to operate the business of the debtor. The court correctly found that, as a Louisiana corporation, XE is not the debtor in the instant case and its business is not the business of the debtor. Accordingly, the court permitted the trustee to operate XE, but not under §721 and only to the extent it could do so under Louisiana law due to its control over the shares of XE. That is, it must abide by XE's by-laws and conduct a shareholder meeting, vote in a new director or directors and have someone become the duly appointed chief executive officer of XE. Until it does that, the Trustee has no authority to operate XE.

(2) The Trustee's proposed order fails to state that the Motion was overruled to the extent it requested turnover of any assets allegedly belonging to XE, based on the court's finding that the assets at issue— the money in XE's bank account and the checks made payable to XE on account of Tisha Campbell Martin's post-petition personal services— were NOT ASSETS OF THE ESTATE. Indeed in both its tentative ruling and comments on the bench, the Court was clear that (a) the Trustee had no standing to assert control over such assets because they are not assets of the estate; (b) it was not ruling on what rights, if any, XE had in any particular assets; and (c) it was not determining whether it even had jurisdiction to find who the assets at issue belonged to.

Respectfully submitted,

Dated: 4/4/2016

John L. Smaha
SMAHA LAW GROUP, APC
Attorneys for Won Hundred, Inc., and Tisha M. Martin

Dated: 4/4/16

Marc A. Lieberman
Fredman Lieberman Pearl, LLP
Attorneys for Duane Martin

W:\Martin Duane\Martin BK\104.Objection.To.Lodgment.rev.wpd

---

TISHA M. MARTIN AND WON HUNDRED, INC.'S OBJECTION TO CHAPTER 7 TRUSTEE'S NOTICE OF LODGMENT OF ORDER

2

# EXHIBIT A

RON BENDER (SBN 143364); rb@lnbyb.com
MONICA Y. KIM (SBN 180139); myk@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Proposed Attorneys for David K. Gottlieb, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>DUANE DANIEL MARTIN AND TISHA MICHELLE MARTIN,<br><br>Debtors. | Case No. 1:16-10045-VK<br><br>Chapter 7<br><br>**ORDER GRANTING IN PART CHAPTER 7 TRUSTEE'S EMERGENCY MOTION FOR ORDER AUTHORIZING OPERATION OF DEBTOR'S BUSINESS AND TURNOVER OF BUSINESS ASSETS**<br><br>Date: March 30, 2016<br>Time: 1:30 p.m.<br>Ctrm: 301<br>　　　21041 Burbank Blvd.<br>　　　Woodland Hills, CA 91367 |

An emergency hearing was held on March 30, 2016 at 1:30 p.m. before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge, in her Courtroom 301 located at 21041 Burbank Blvd., Woodland Hills, CA, to consider the **"Emergency Motion ("Motion") for Order Authorizing Operation of Debtor's Business and Turnover of Business Assets; Memorandum of Points and Authorities; Declarations of David K. Gottlieb and Monica Y. Kim in Support Thereof"** filed by David K. Gottlieb, the duly appointed, qualified, and acting Chapter 7 Trustee ("Trustee"), for the bankruptcy estate of Duane Daniel Martin and Tisha Michelle Martin, ("Debtors"), seeking an order, pursuant to, among other provisions, 11 U.S.C. §

1  721 and Local Bankruptcy Rules 2070-1 and 2016-2, authorizing the Trustee to operate the
2  Debtors' business, consisting of a production and loan-out company known as XE Visions, Inc.
3  ("Business" or "XE"), and compelling the Debtors and all third parties to immediately turnover to
4  the Trustee all property and assets of the Business, including, without limitation, all cash and
5  revenue of the Business, as further described in the Motion. All appearances made in connection
6  with the Motion are set forth on the record of the Court.
7      Upon consideration of the Motion and all papers filed by the Trustee in support of the
8  Motion, the response and the opposition by the Debtors and Won Hundred, Inc., the files of this
9  case, the argument of counsel at the emergency hearing on the Motion, notice of the emergency
10 hearing having been proper and adequate under the circumstances and in compliance with the
11 order of the Court, and based on all of the reasons set forth in the Court's tentative ruling filed on
12 March 31, 2016 as docket number 47, **THE COURT HEREBY ORDERS AS FOLLOWS:**
13      (1)   Pursuant to Section 721 of the Bankruptcy Code, the Trustee is hereby authorized
14 to operate the Business, including, without limitation, the payment of those operating expenses of
15 the Business which the Trustee deems reasonable and necessary to preserve the Business, but only
16 to the extent the Trustee, as the sole shareholder of the Business, may operate the Business under
17 Louisiana law.
18 "IT IS SO ORDERED."

###

# EXHIBIT B

John L. Smaha, Esq., Bar No. 95855
Gustavo E. Bravo, Esq. Bar No. 218752
**SMAHA LAW GROUP, APC**
2398 San Diego Avenue
San Diego, California 92110
(619) 688-1557
(619) 688-1558 (Facsimile)

Attorneys for Tisha M. Martin and Won Hundred, Inc.

Marc A. Lieberman, Esq., Bar No. 157318
    marc.lieberman@flpllp.com
Alan W. Forsley, Esq. Bar No. 180958
    alan.forsley@flpllp.com
1875 Century Park East, Suite 2230
Los Angeles, CA 90067
(310) 284-7350
(310) 432-5999 (fax)

Attorneys for Duane Martin

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Duane D. Martin and Tisha M. Martin<br><br>Debtors. | Case No. 16-10045-vk<br><br>Chapter 7<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CHAPTER 7 TRUSTEE'S EMERGENCY MOTION FOR ODER AUTHORIZING OPERATION OF DEBTOR'S BUSINESS AND TURNOVER OF BUSINESS ASSETS**<br><br>Date: March 30, 2016<br>Time: 1:30 p.m.<br>Dept.: |

An emergency hearing was held on March 30, 2016 at 1:30 p.m. before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge, in her Courtroom 301 located at 21041 Burbank Blvd., Woodland Hills, CA, to consider the "Emergency Motion for Order Authorizing Operation of Debtor's Business and Turnover of Business Assets; Memorandum of Points and Authorities; Declaration of David K. Gottlieb and Monica Y. Kim in Support Thereof" filed by David K. Gottlieb, the duly appointed, qualified and acting Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Duane Daniel Martin and Tisha Michelle Martin (the "**Debtors**")

1

ORDER GRANTING IN PART AND DENYING IN PART...

seeking an order, pursuant to, 11 U.S.C. §721 and Local Bankruptcy Rules 2010-1 and 2016-2, authorizing the Trustee to operate the Debtors' business, consisting of a production and loan-out company known as XE Visions, Inc., a Louisiana corporation ("**XE**") and compelling the Debtors and all parties to immediately turnover to the Trustee all property and assets of the Business, including, without limitation, all cash and revenue of XE (the "**Motion**"), as further described in the Motion. All appearances made in connection with the Motion are set forth in the record of the Court.

Upon consideration of the Motion and all papers filed by the Trustee in support of the Motion, the response and the oppositions by the Debtors and Won Hundred, Inc., the files of this case, the argument of counsel at the emergency hearing on the Motion, notice of the emergency hearing having been proper and adequate under the circumstances and in compliance with the order of the Court, and based on all reasons set forth in the Court's tentative ruling filed on March 31, 2016 as docket number 47, **THE COURT HEREBY ORDERS AS FOLLOWS:**

1. **The Court's tentative ruling is adopted as the order of the Court.**
2. **The Trustee *is not authorized* to operate XE pursuant to 11 U.S.C. §721, because XE's business in not the business of the Debtors.**
3. **The Trustee *is authorized* to operate XE, as a shareholder, provided it complies with and obtains such authority under Louisiana law.**
3. **The Trustee's request for a turnover order is DENIED, because the assets at issue in the Motion, including funds on hand in XE's bank account and the payments made to XE on account of Tisha Martin's post petition personal services are not property of the estate.**

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2398 San Diego Avenue
San Diego, CA  92110

A true and correct copy of the foregoing document entitled (*specify*): Tisha M. Martin and Won Hundred, Inc.'s Objection to Chapter 7 Trustee's Notice of Lodgment of Order will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 23, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 23, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

    U.S. Trustee, David K. Gottlieb
    15233 Ventura Blvd., 9th Flr.
    Sherman Oaks, CA  91403-2201

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 23, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    Hon. Victoria S. Kaufman
    U.S. Bankruptcy Court
    Central District of California
    21041 Burbank Blvd., Ste. 354/Courtroom 301
    Woodland Hills, CA  91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 4, 2016 | Amelda M. Dawson | /s/ *signature* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                **F 9013-3.1.PROOF.SERVICE**